
DA 07-0429

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 191

FRONTIER CHEVROLET,

      Plaintiff and Appellant,

   v.

DEPARTMENT OF REVENUE, STATE
OF MONTANA,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 06-1260
Honorable Ingrid G. Gustafson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Peter T. Stanley, Attorney at Law, Billings, Montana

      For Appellee:

      Derek R. Bell, Special Assistant Attorney General, Helena, Montana

Submitted on Briefs:  April 24, 2008

Decided:  June 3, 2008

Filed:

_____
                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Appellant Frontier Chevrolet Company (Frontier) appeals the order of the Thirteenth Judicial District Court, Yellowstone County, affirming the decision of the Montana State Tax Appeal Board (STAB) requiring Frontier to pay additional taxes and interest thereon for tax years 1995 and 1996.  We affirm.

¶2    We restate the issue on appeal as follows:

¶3    Did the District Court err by affirming STAB's determination that the Department of Revenue's assessment requiring Frontier to pay additional taxes and interest for tax years 1995 and 1996 was timely?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4    The parties agree that the following facts are undisputed.  Frontier is a Montana taxpayer and subject to corporate license tax.  In 1998 the Internal Revenue Service (IRS) issued a Notice of Deficiency to Frontier with respect to its federal tax liability for tax years 1994, 1995, and 1996.  Frontier disputed the deficiency and initiated litigation in the United States Tax Court (Tax Court), claiming it could amortize a non-compete agreement over a five-year period, rather than a fifteen-year period as argued by the IRS.  In May 2001, the Tax Court rejected Frontier's claim.  *See Frontier Chevrolet, Co. v. Commr*, 116 T.C. 289 (2001).  Subsequently Frontier stipulated to the financial figures subject to adjustment by way of Frontier's claim, and on August 31, 2001, the Tax Court issued its final decision, concluding therein that Frontier owed additional federal income tax for the years 1995 and 1996 in the amounts of $38,720 and $9,289 respectively.  Frontier appealed to the Ninth Circuit Court of Appeals, which subsequently affirmed the

2

Tax Court decision on May 28, 2003. *Frontier Chevrolet, Co. v. Commr*, 329 F.3d 1131 (9th Cir. 2003).

¶5 In July of 2004, the Montana Department of Revenue (DOR) received two Revenue Agent Reports from the IRS. Both reports reflected changes in Frontier's federal taxable income for tax years 1995 and 1996. On September 23, 2004, DOR issued Frontier an assessment of additional tax owing for tax years 1994, 1995, and 1996. DOR and Frontier subsequently agreed to adjustments of the financial figures at issue in the initial assessment and DOR issued a revised assessment on April 4, 2005, which addressed only tax years 1995 and 1996. The revised assessment indicated that Frontier owed an additional $7,687 in taxes for 1995 and $1,844 in taxes for 1996, plus interest accruing at a rate of one percent per month from the due date of each return to the payment date, for a total balance owed of $15,858.83 for 1995 and $3,614.32 for 1996.

¶6 Frontier appealed DOR's assessment to the DOR Office of Dispute Resolution (ODR), arguing that DOR had issued the assessment beyond the statute of limitation set forth in § 15-31-509, MCA (1997). DOR moved for dismissal of Frontier's appeal, which was granted by the hearing examiner, and Frontier appealed the dismissal to STAB. On October 3, 2006, STAB upheld the assessment, determining that the Ninth Circuit's decision, issued May 28, 2003, constituted "the final determination by a 'competent authority' pursuant to § 15-31-506, MCA[.]" Accordingly, STAB concluded that "[b]ecause Frontier Chevrolet failed to timely file an amended Montana Return at the time it filed amended federal returns, and such a return was required by § 15-31-506,

3

MCA, the DOR may assess tax liability pursuant to § 15-31-544, MCA, and is not barred by statute of limitations."

¶7 Frontier then petitioned the District Court for review of STAB's decision, asserting that STAB "made incorrect conclusions of law related to the effects of the tax statutes of limitations on the time available to the [DOR] to assess taxes." The District Court affirmed, concluding that "§ 15-31-544, MCA, operated to toll the general statute of limitations found at § 15-31-509, MCA." Frontier challenges this conclusion on appeal.

## STANDARD OF REVIEW

¶8 A district court reviews an administrative decision to determine whether the findings of fact are clearly erroneous and whether the agency correctly interpreted the law. *O'Neill v. Dept. of Revenue*, 2002 MT 130, ¶ 10, 310 Mont. 148, ¶ 10, 49 P.3d 43, ¶ 10. We employ the same standards when reviewing a district court order affirming or reversing an administrative decision. *O'Neill*, ¶ 10. If we reach the same conclusion as the district court but on different grounds, we may still affirm the district court's judgment. *Germann v. Stephens*, 2006 MT 130, ¶ 21, 332 Mont. 303, ¶ 21, 137 P.3d 545, ¶ 21.

## DISCUSSION

¶9 **Did the District Court err by affirming STAB's determination that the Department of Revenue's assessment requiring Frontier to pay additional taxes and interest for tax years 1995 and 1996 was timely?**

¶10 Frontier contends that its stipulation with the Tax Court, whereby it agreed to adjust its reported federal taxable income, was not a "change or correction by the United

4

States Internal Revenue Service or other competent authority" and therefore § 15-31-506, MCA (1997), does not apply and Frontier was not required to report a change to DOR. Accordingly, Frontier argues that the general three-year statute of limitation set forth in § 15-31-509, MCA (1997), began when its tax returns were filed for the respective years at issue and had expired by the time DOR issued its assessment in September, 2004, rendering it time-barred.

¶11 DOR responds that "[t]he plain language of § 15-31-506, MCA (1995), requires a corporate taxpayer to file with the Department a report of changes or corrections to its federal taxable income" and Frontier's failure to do so tolled the limitations period, which it asserts is the five year statutory period set forth in § 15-31-509, MCA (1995). DOR concedes that it mistakenly relied on the 2005 MCA in the previous proceedings herein and mistakenly argued that the statute of limitation was tolled by § 15-31-544, MCA. While both STAB and the District Court determined that § 15-31-544, MCA, tolled the limitation period, DOR asks this Court to "analyze the timeliness of the assessments pursuant to § 15-31-509(1)(b), MCA (1995), not § 15-31-544, MCA."

¶12 The parties rely on different versions of the MCA, Frontier on the 1997 MCA and DOR on the 1995 MCA, without any explanation for their respective choices. Because the 1995 MCA was in effect at the time Frontier's 1995 and 1996 state taxes were incurred, review pursuant to the 1995 MCA is appropriate.

¶13 Section 15-31-506, MCA (1995), provides:

If the amount of a corporation's taxable income reported on its federal income tax return or the computation schedule filed for any taxable year is changed or corrected by the United States internal revenue service or other

5

competent authority, <u>the corporation shall report such proposed change or correction to the department within 90 days</u> after receiving official notice thereof. [Emphasis added.]

Although the Tax Court concluded that Frontier had "deficiencies in income tax due . . . for the taxable years 1995 and 1996[,]" Frontier contends that the Tax Court's decision does not constitute a "change or correction" to its taxable income because the Tax Court's order arose by way of a stipulation entered by Frontier and the IRS. Frontier argues that it must report only those changes which result from litigation and, given the circumstances here, the obligation to report the change in its taxable federal income was not triggered. DOR replies that Frontier's federal taxable income "increased from the amounts stated on line 28, Federal Form 1120 for each of those years"—the starting point for calculation of Frontier's state tax—and that these changes "resulted from an IRS audit which led to the initiation of the federal litigation[,]" which triggered the requirement to report to the DOR pursuant to § 15-31-506, MCA (1995).

¶14    Section 15-31-506, MCA (1995), provides that a corporate taxpayer "shall report" to the DOR when "the amount of a corporation's taxable income reported on its federal income tax return . . . is changed or corrected" by the IRS or "other competent authority." The statute does not require that the change or correction "result from litigation" in order to trigger the obligation to report, as argued by Frontier. We believe that such a rendering would insert a requirement not contained within the plain language of the provision and would violate our duty, when construing a statute, "to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA.

6

¶15 It is uncontested that Frontier's federal tax liability for tax years 1995 and 1996 increased. This increase occurred after an IRS audit, issuance of a Notice of Deficiency, and the subsequent Tax Court order issued in August of 2001, which was affirmed by the Ninth Circuit Court of Appeals in May of 2003. The increase was thus occasioned by the IRS, whose position in this matter was further confirmed by the Tax Court and the Ninth Circuit Court of Appeals, which are unquestionably "competent authorities" as envisioned by the statute. Accordingly, Frontier was required to report the change in its 1995 and 1996 federal taxable income to DOR within ninety days of receiving notice of the change.

¶16 Although Frontier concedes it failed to report, it next argues that the statute of limitations expired prior to DOR's issuance of an assessment for these tax years. Both STAB and the District Court concluded that § 15-31-544, MCA,[1] tolled the statute of limitation set forth in § 15-31-509, MCA (1995), which provides:

> (1) Except as otherwise provided in this section and in 15-31-544, no deficiency shall be assessed or collected with respect to the year for which a return is filed unless the notice of additional tax proposed to be assessed is mailed within 5 years from the date the return was filed.

In turn, § 15-31-544, MCA (1995), provides:

> Whenever a return is required to be filed and the taxpayer files a fraudulent return or fails to file the return, the department may at any time assess the tax or begin a proceeding in court for the collection of the tax without assessment. [Emphasis added]

---

[1] It is unclear on which version of § 15-31-544, MCA, STAB and the District Court relied. However, the current version of § 15-34-544, MCA, is the same as the 1995 version.

7

The District Court concluded from these provisions that "STAB appropriately determined [that Frontier] was required to file an amended Montana tax return setting forth the changes or corrections" and because Frontier "did not file any such amended returns[,]" § 15-31-544, MCA, tolled the limitation period within § 15-31-509, MCA. However, as explained above, § 15-31-506, MCA (1995), required only that Frontier "report" the changes to its federal taxable income, not that it file an amended return.[2] We cannot conclude that a requirement to "report" is synonymous with "filing a return" and thus, the District Court erred in reaching this conclusion. Section 15-31-544, MCA (1995), does not toll the statute of limitation in this case because that provision only applies when a taxpayer fails to "file a return" or files a fraudulent return.

¶17   Acknowledging this error, DOR asks us to review the tolling provisions within § 15-31-509(1)(b), MCA (1995), which provides:

> (1) . . . The limitations prescribed for giving notice of a proposed assessment of additional tax shall not apply when:
>      . . . .
>      (b) a taxpayer has failed to file a report of changes in federal taxable income or an amended return as required by 15-31-506 until 5 years after the federal changes become final or the amended federal return was filed, whichever the case may be.

---

[2]  The District Court's determination that Frontier was required to file an amended return may have stemmed from DOR's citation to the 2005 version of § 15-31-506, MCA, which includes a provision added in 1999 that required filing of an amended return:

> If the amount of a corporation's taxable income reported on its federal income tax return or the computation schedule filed for a taxable year is changed or corrected by the United Sates internal revenue service or other competent authority, *the corporation shall file an amended Montana return with the department* within 90 days after receiving official notice of the change or correction.  [Emphasis added]

8

As discussed above, Frontier failed to report the changes in its federal taxable income as required by § 15-31-506, MCA (1995). Accordingly, § 15-31-509(1)(b), MCA (1995), effectively tolled or extended the limitation period until "5 years after the federal changes became final . . . ." The parties thus argue about when the federal changes to Frontier's 1995 and 1996 federal tax liability became final.

¶18 Frontier asserts that the federal "changes became final when the stipulation was reached[.]" Frontier does not provide the date of the stipulation between it and the IRS, but offers that it occurred sometime "before May of 2000 . . . ." DOR contends that the federal changes became final on May 28, 2003, the date of the Ninth Circuit decision, and we agree with this position. Frontier explains in its briefing that had Frontier "prevailed on the amortization issue raised at the Tax Court and appealed to the Court of Appeals, the taxes for the years 1995 and 1996 would have been decreased and not increased." Though this is offered to explain that the litigation did not produce the increase in its taxes, it also serves to acknowledge that the federal changes were not final until the Ninth Circuit issued its opinion on May 28, 2003, and thereby resolved the disputed tax liability. As such, DOR's September 23, 2004, assessment was issued well within the five year limitation period as provided within § 15-31-509(1)(b), MCA (1995).

¶19 Although the District Court erred by relying on § 15-31-544, MCA, to conclude the limitation period had been tolled, we reach the same conclusion under application of a different statute. Upon that alternative ground, *Germann*, ¶ 21, we conclude that DOR's assessment was timely made.

9

¶20 Affirmed.

/S/ JIM RICE

We concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS